PETER FULLER *et al. vs.* DAVID SPEAR.

It is competent for the legislative power, as well in navigable as in other waters, to appropriate and regulate fisheries, otherwise public.

The provisions of the *Massachusetts* special act of *March* 6, 1802, regulating the fishery within the town of *Warren*, extend over the navigable waters within that town.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

In this action, the plaintiffs demand the penalty provided by the *Massachusetts* special act of *March* 6, 1802, being entitled "An

act to regulate the shad and alewive fishery in the town of *Warren,* in the county of *Lincoln.*" The defendant took that description of fish with a seine in the *St. George's* river within the limits of the town of *Warren,* and about fifty feet from the shore, and opposite to land of the defendant. If the provisions of the act extended to navigable waters within the town, the defendant had subjected himself to the penalty. The plaintiffs were duly chosen fishwardens under the act. The Judge was of opinion, that the provisions of the act were in force, where the fish were taken; and by consent of the defendant, with leave to except, directed a default. The defendant filed exceptions to the ruling.

*Cilley,* for the defendant, contended, that by the true construction of the statute, its provisions extended only to waters within the town not navigable. The fish may be taken at any place before they reach fresh water. The general principles of the case, *Coolidge* v. *Williams,* 4 *Mass. R.* 140, support our defence.

*E. Smith,* for the plaintiffs, said that the law was well settled, that navigable waters belong to the public, and that the legislature may make such regulations in relation to such waters, as they choose. The letter of the statute includes navigable waters within the town, and the spirit of it certainly does, for otherwise the fish would never reach the fresh water. The very object of it was to preserve the fish within the town, and would be entirely useless on the construction contended for by the defendant.

The opinion of the Court was afterwards drawn up by

WESTON C. J. — The only question raised is, whether the statute, upon which the plaintiffs rely, embraces navigable waters. It is undoubtedly competent for the legislative power, as well in these, as in other waters, to appropriate and regulate fisheries, otherwise public. The terms of the statute are broad enough to embrace these waters; and we perceive no sufficient ground for the limitation, for which the defendant contends.

*Exceptions overruled.*